## Gilson v. Brown.

*Executors and administrators—Decedents' estates—Payment of claims—Purchasers at administrator's sale.*

Where a claimant against a decedent's estate purchases articles at the administrator's sale in excess of the amount of the claim and gives a judgment note to the administrator in the latter's own name for the amount of the purchase and endorses back to the administrator a check given to him for his claim, which is less than the amount of his purchase, he is liable to the administrator for the difference between the amount of the check and the amount of the note.

Rule to open judgment and let defendant into a defence. C. P. Crawford Co., Feb. T., 1922, No. 162.

*W. J. Sirdevan*, for plaintiff; *Arthur R. Thompson*, for defendant.

PRATHER, P. J., Sept. 2, 1924.—It appears that Benjamin H. Gilson, plaintiff, was administrator or executor of the estate of William J. Bickerstaph, of Warren County, deceased; that the defendant and his wife had a claim, never reduced to judgment, against the said decedent for nursing, care and

Gilson *v.* Brown.

services, amounting to something like $1624. It appears that the personal estate of the said decedent was not sufficient to pay the claims against him. An auditor was appointed to make distribution of the estate, and he awarded to the unliquidated claim of A. H. Brown against said decedent $234.04, and to his wife, Mrs. Brown, $298.29. It also appears that said plaintiff, as administrator of said estate, made a public sale of decedent's personal property, and that A. H. Brown purchased at said sale goods to the amount of $639.10, and gave his note therefor, being the note now entered in judgment. That in October of the same year, when the auditor had made distribution of said personal estate and awarded the amounts aforesaid to A. H. Brown and wife, the plaintiff, acting as administrator, drew a check to A. H. Brown for $234.04, which was endorsed by him and returned to the administrator; and a check of $298.29 payable to Mrs. Brown, which was endorsed by her and turned over to the administrator.

Thus far in our recital there is no dispute about the facts. Defendant contends that he was told by the administrator that he could buy anything he desired at the sale and it would apply upon his and his wife's claim against decedent's estate. The amount of said two checks, being $532.32, was credited on the back of said note on Oct. 24, 1920. Defendant does not complain about this credit, nor the amount of the note, but insists that the amount of his purchase at the public sale was to apply upon the indebtedness of the decedent to defendant and defendant's wife. The testimony does not show any of the facts presented before the auditor. From the arguments and counsels' discussions in their briefs it appears that the personal estate of said decedent was not large enough to pay his debts, and that Brown and wife only received a percentage of their claim. Whether or not the claim of Brown and wife was reduced before the auditor by the amount of the purchase at the sale does not appear. Mr. Gilson testifies that the note was made payable to him personally, for the reason that he did not understand that he was allowed, as administrator, to take a note, as the sale was a cash sale, and that he charged himself in the statement of his account with the $639.10. There is no contradiction of this alleged fact; we must assume it to be true. It is plain that the defendant and his wife recognized this note as an obligation they must pay when they turned over their respective checks to apply on this note. They could not have in reason surrendered two checks, aggregating more than $500, to Mr. Gilson without doing so in recognition of some obligation between them and Mr. Gilson. And having done so, and having acquiesced in that situation all these years, the inference is that they fully understood those checks were to apply upon this note. From the facts disputed and undisputed, the inference follows that the balance of this note belonged to Mr. Gilson.

From their own theory, the Browns had advanced to them to apply on their claim against Bickerstaph, as purchasers of his property at a public sale, $639.10. This personal property amounted to $106.78 more than they were entitled to, as found by the auditor. It follows that the defendant, as the maker of the note, and in recognition of this difference, is to that extent indebted to Mr. Gilson. We do not understand from what theory the note now amounts to $218, but the amount is not in dispute; it is the entire debt, and the application is to open judgment. Under the facts recited, we are of the opinion that petitioner has failed to make such a showing as entitles him to the opening of the judgment.

And now, Sept. 2, 1924, rule to open judgment is discharged.

From Otto Kohler, Meadville, Pa.